# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RENE SCHONEFELD INDUSTRIE – EN HANDELSONDERNEMING B.V., and THREE KINGS PRODUCTS, LLC, | ) ) ) ) ) Civil Action No. ) 3:11-cv-01450 (RNC) |
| Plaintiffs, | ) ) |
| V. | ) ) |
| ARFAN JAMIL, MUHAMMAD NADEEM, and SANOVIA NADEEM | ) ) ) ) |
| Defendants. | ) April 25, 2012 |

## FORM 26(F) REPORT OF PARTIES' PLANNING MEETING

### DATE COMPLAINT FILED

September 19, 2011

### DATE COMPLAINT SERVED

| | |
|---|---|
| Arfan Jamil: | November 3, 2011 |
| Muhammad Nadeem: | October 24, 2011 |
| Sanovia Nadeem: | November 3, 2011 |

### DATE OF DEFENDANTS' APPEARANCE

Each of the defendants appeared *pro se* on March 12, 2012.

### DATE/PLACE OF CONFERENCE

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a telephonic conference was held on April 18, 2012. The participants were Brian Boyd for the plaintiffs, Rene Schonefeld Industrie - en Handelsonderneming B.V. ("Schonefeld") and Three Kings Products, LLC ("Three Kings"), and Muhammad Nadeem and Sanovia Nadeem, *pro se*. In advance of this conference, Plaintiffs' counsel provided a draft 26(f)

report for purposes of discussion. During the conference, Muhammad Nadeem represented that he was out of the country and that Sanovia Nadeem was present with him. Mr. Nadeem further represented that "Arfan Jamil" is Mr. Nadeem's former name, and not a different individual.[1] During the 26(f) conference Mr. and Mrs. Nadeem were not prepared to discuss the draft 26(f) report in any detail. Instead, Mr. Nadeem requested that plaintiffs' counsel have a follow-up discussion with Muntaqeen Jaffar, a business associate of the defendants, regarding the 26(f) report. Mr. Jaffar is not an attorney. Plaintiffs' counsel agreed to speak with Mr. Jaffar, but explained that since the Defendants had appeared *pro se*, the Defendants must personally participate in a 26(f) conference with the Plaintiffs' counsel and approve the 26(f) report prior to filing. The Defendants indicated that they would be willing to do this in a subsequent conference.

On April 19, 2012, at Defendants' request, Plaintiffs' counsel had a telephonic conference with Mr. Jaffar regarding the Rule 26(f) Report. During that conference, Mr. Jaffar indicated that he would provide proposed changes and additions to the Rule 26(f) report which Plaintiffs' counsel could later confirm directly with the Defendants during a subsequent conference.

Following, the April 19, 2012 conference, Mr. Jaffar provided only a brief section to be inserted, apparently, as the Defendants' position regarding the brief description of the case. That section is included herein. Plaintiffs' counsel responded by pointing out several sections of the Rule 26(f) report that the Defendants had failed to address. Plaintiffs' counsel also pointed out several portions of the draft 26(f) report which the Plaintiffs had proposed for the Defendants' agreement, and Defendants had not indicated,

---

[1] Plaintiffs take no position on the truth of this, but note that Arfan Jamil appeared *pro se* in this case, and provided the same contact information as Mr. Nadeem.

except by their silence, whether they agreed to these portions of the report or not. Plaintiffs' counsel informed the Defendants that if they failed to cooperate in preparing the 26(f) report by the filing deadline, the Plaintiffs would bring their noncooperation to the Court's attention. Neither the Defendants, nor Mr. Jaffar responded.

In view of the Defendants' failure to cooperate, this 26(f) Report is based on what the Plaintiffs proposed to the Defendants in advance of the 26(f) conference. In the conferences with Defendants and their designated representative, they have not indicated any disagreement with the Plaintiffs' proposals. This report also includes the Defendants' position, insofar as the Defendants provided that information. Since the Defendants did not cooperate with Plaintiffs' counsel and Plaintiffs' counsel was unable to get the Defendants agreement to the final form of this 26(f) report, Plaintiffs file this report on their own behalf, and not on behalf of the *pro se* Defendants.

## I. Certification

Undersigned counsel, after consultation with his clients, certifies that he has discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and have developed the following proposed case management plan. Counsel further certifies that he has forwarded a copy of this report to his clients.

## II. Jurisdiction

A. Subject Matter Jurisdiction

Subject matter jurisdiction is proper pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332 and 1338a. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

B. Personal Jurisdiction

Personal jurisdiction is contested.

Plaintiff's Position:

The Court has personal jurisdiction over the defendants because the defendants transacted business and committed tortious acts in Connecticut, purposefully availing themselves of the benefits of this State such that they should reasonably expect to be hauled into court here. Specifically, the defendants operate an interactive commercial website that allows Connecticut residents to purchase the Defendants' products and have those products shipped to Connecticut. Connecticut residents have in fact purchased products from the defendants using the defendants' website and those goods have been shipped to Connecticut. Moreover, the defendants have sold products in Connecticut that the plaintiffs allege are counterfeit in the present action. The defendants have profited by the business they have done in Connecticut and the sale of counterfeit goods is "tortious conduct" under Connecticut's long-arm statute as explained in greater detail in Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue; or in the Alternative to Transfer for Convenience". (Dkt. 20).

Defendants' Position:

The defendants have filed a motion to dismiss based on lack of personal jurisdiction, improper venue and *forum non conveniens*. (Dkt. 18). Defendants failed to provide any additional information regarding their position.

### III. **Brief Description of Case**

A. Claims of Plaintiff:

Schonefeld is the manufacturer of Three Kings® charcoal and owner of U.S. Trademark Registration No. 1,984,318 for THREE KINGS. Plaintiff, Three Kings, is a fifty-percent owner of Schonefeld and the exclusive distributor of Three Kings® charcoal in the United States. The Three Kings® brand has been used in the manufacture, marketing and sale of charcoal in the U.S. since approximately 1951, and is regarded as the finest quick lighting charcoal in the world. Three Kings® is a strong and distinctive mark that has been in use for decades in this country and globally, and has achieved enormous and widespread public recognition in the relevant market. Three Kings® is famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

Defendants, Arfan Jamil, Muhammad Nadeem and Sanovia Nadeem (collectively "Defendants"), are in the business of selling hookah pipes, charcoal, and related accessories on line. In this action, the Plaintiffs allege that the Defendants engaged in advertising, promoting, distributing, offering for sale and selling counterfeit products bearing the Three Kings® Registered Trademark, and which bear logos, colors, source-identifying indicia and design elements, which are studied imitations of Plaintiffs' Three Kings® charcoal products ("Infringing Products"). The Defendants continued to sell the Infringing Products after the Plaintiff's informed the Defendants that the Infringing Products were counterfeit. The Defendants' conduct violates Section 32 of the Lanham Act (15 U.S.C. § 1114), Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)), and the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S.A. § 42-110b. Schonefeld and Three Kings brought this action to stop Defendants from marketing and selling counterfeit products under the Three Kings® name here in Connecticut and elsewhere.

B. Defenses and Claims of Defendant:

The defendants have filed a motion to dismiss based on lack of personal jurisdiction, improper venue and *forum non conveniens*. (Dkt. 18).

The Goods we sold were not counterfeit.

If the goods were infringing we are innocent.

The company we purchase from Shisha center located in Anaheim, CA sold it as genuine/Original Three kings charcoal.

We have already mailed the invoices of the purchase that we make with them.

IV. **Statement of Undisputed Facts:**

As indicated above, these "Undisputed Facts" were proposed by the Plaintiffs. Plaintiffs' counsel explained to the Defendants and their designated representative that the Defendants could strike any of these facts, or propose modifications or additions. They did not. The undisputed facts proposed by the Plaintiffs are as follows:

1. Plaintiff, Rene Schonefeld Industrie - en Handelsonderneming B.V. ("Rene Schonefeld"), is a Netherlands corporation with a principal place of business located at Hallenstraat 1 PB 235 5531 AB Bladel, Netherlands.

2. Plaintiff, Three Kings Products, LLC ("Three Kings"), is a limited liability company organized under the laws of the State of Connecticut and maintains its principal place of business at 1201 Echo Lake Road, Watertown, Connecticut.

3. Defendant, Arfan Jamil ("Jamil"), Muhammad Nadeem ("Muhammad"), and Sanovia Nadeem ("Sanovia") are California residents.

4. Defendants do business under the name Maha Raja Hookah at 185 Myers Street, Los Angeles, California 90033 and 217 Boyd Street, Los Angeles, California.

5. Defendants operate the website http://maharajahookah.com/.

6. Defendants engaged in advertising, promoting, distributing, offering for sale and selling products bearing the Three Kings® Registered Trademark, and which bear logos, colors, source-identifying indicia and design elements that make them appear to be Three Kings® charcoal products ("Disputed Products").

7. Defendants sold the Disputed Products over their website, maharajahookah.com.

8. Defendants' website, maharajahookah.com, is accessible to Connecticut residents and allows Connecticut residents to purchase products from the Defendants online.

9. Defendants made sales of the Disputed Product over their website to Connecticut residents and shipped the Disputed Products to Connecticut.

10. Defendants have no license, authority, or other permission from Schonefeld or Three Kings to advertise, promote, distribute, offer to sell or sell Disputed Products.

## V. Case Management Plan

### A. Standing Order on Scheduling In Civil Cases

Plaintiffs proposed, and the Defendants did not object, that the parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

### B. Scheduling Conference with the Court

Plaintiffs proposed, and the Defendants did not object, that the parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C. Early Settlement Conference

1. The parties have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Informal settlement discussions have been held between the parties and are ongoing. The likelihood of settlement is uncertain at this time.

2. Plaintiffs proposed, and the Defendants did not object, that the parties do not request an early settlement conference at this time.

3. Plaintiffs proposed, and the Defendants did not object, that the parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 at this time.

D. Joinder of Parties and Amendment of Pleadings

1. Plaintiffs proposed, and the Defendants did not object, that the parties do not anticipate the need to amend the pleadings at this time. Based upon discovery compliance, however, the need to amend may become necessary.

2. Plaintiffs proposed, and the Defendants did not object, that the parties do not anticipate the need to add additional parties at this time.

E. Discovery

1. The parties anticipate that discovery will be needed on the following subjects:

    a. Discovery by Plaintiff

Plaintiffs anticipate that discovery will be needed on certain subjects, including, without limitation, the following subjects: (1) the origin of the Disputed Products, (2) the Defendants' sales of the Disputed Products, (3) the customers to whom the Disputed Products were sold, (4) the Defendants' knowledge that the Disputed Products were counterfeit, and (5) Defendants communications regarding the Disputed Products.

      b.    Discovery by Defendant

Defendants failed to provide any information regarding discovery they anticipate.

2. Plaintiffs proposed, and the Defendants did not object, that discovery on facts will be completed by June 15, 2012.

3. The Plaintiffs anticipate that they will require a total of approximately 4 depositions of fact witnesses. The Defendants did not provide any estimate of the number of depositions that they would require.

4. Plaintiffs proposed, and the Defendants did not object, that the parties will not request permission to serve more than 25 interrogatories.

5. Plaintiffs proposed, and the Defendants did not object, that the parties do not anticipate the need for experts in this case.

6. Due to the Defendants' failure to cooperate, undersigned counsel and *pro se* parties have not discussed the disclosure and preservation of electronically stored information. However, Plaintiffs counsel informed the Defendants of their duty to preserve electronically stored information ("ESI") and proposed the form in which ESI shall be produced to the Plaintiffs. Defendants did not object to Plaintiffs' proposal.

At this time, the Plaintiffs do not anticipate the need to disclose, request, or produce electronically stored information in native electronic format, or with metadata intact, and Defendants have objected. However, the Plaintiffs do anticipate the production of correspondence, documents, email communications, and the like, which are or were electronically stored. Such productions will be made in non-native electronic form without metadata intact, unless otherwise requested. If the need for production of electronically stored information in native format or with metadata intact becomes apparent during the course of discovery, Plaintiffs will endeavor to agree on appropriate terms regarding same. Plaintiffs proposed, and the Defendants did not object, that the parties, when not unduly burdensome, will produce information in the following formats: (1) productions made to plaintiffs: optical character recognition ("OCR") provided as one or more portable document format ("PDF") files (2) defendants failed to propose the format of ESI to be produced to them. Due to the Defendants' failure to cooperate, undersigned counsel and the defendants have not yet discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production, but Plaintiffs anticipate any such disputed items would be handled consistent with the Local Rules.

Plaintiffs proposed, and the Defendants did not object, that the parties agree to the return of any and all privileged information upon determining that such material was produced by an opposing party or having been notified by opposing counsel that such material has been produced, subject to the parties'

rights to seek Court intervention with respect to a final determination that such material is in fact privileged. The Parties will also act consistently with Local Rule 26(e) regarding privilege logs.

       7.    Plaintiffs proposed, and the Defendants did not object, that all parties consent to service by electronic mail, under Fed. R. Civ. P. 5(b)(2)(E). A consent to electronic notice was already filed by Defendant Arfan Jamil, who has indicated that he is now known as Defendant Muhammad Nadeem. (Dkt. 17).

    F.    <u>Dispositive Motions</u>

Plaintiffs proposed, and the Defendants did not object, that dispositive motions will be filed on or before June 29, 2012.

    G.    <u>Joint Trial Memorandum</u>

Plaintiffs proposed, and the Defendants did not object, that the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by August 3, 2012.

    H.    <u>Initial Disclosures</u>

       7.    Plaintiffs proposed, and the Defendants did not object, that initial disclosures will be made on May 1, 2012.

**VI.**    **Trial Readiness**

Plaintiffs proposed, and the Defendants did not object, that the case will be ready for trial after August 31, 2012.

Undersigned agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiffs, Rene Schonefeld Industrie - en Handelsonderneming B.V. and Three Kings Products, LLC


By: /s/ Brian Y. Boyd
John R. Horvack, Jr. (ct12926)
Brian Y. Boyd (ct28849)
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, CT  06509-1950
Tel:  203-777-5501
Fax:  203-784-3199
jhorvack@carmodylaw.com
bboyd@carmodylaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2012, a copy of the foregoing Form 26(f) Report of the Parties' Planning Meeting was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first class mail as indicated below. Parties may access this filing through the Court's CM/ECF system.

This Form 26(f) Report of the Parties' Planning Meeting has been mailed to:

Sanovia Nadeem
185 S. Myers Street
Los Angeles, CA 90033

Muhammad Nadeem
185 S. Myers Street
Los Angeles, CA 90033

/s/ Brian Y. Boyd
Brian Y. Boyd