UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RENE SCHONEFELD INDUSTRIE – EN HANDELSONDERNEMING B.V., and THREE KINGS PRODUCTS, LLC, | ) ) ) ) ) | Civil Action No. 3:11-cv-01450 (RNC) |
| Plaintiffs, | ) ) ) | |
| V. | ) ) | |
| ARFAN JAMIL, MUHAMMAD NADEEM, and SANOVIA NADEEM | ) ) ) ) ) | |
| Defendants. | ) | June 15, 2012 |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL**

**I.     INTRODUCTION**

Plaintiff, Rene Schonefeld Industrie - en Handelsonderneming B.V. ("Shonefeld") is the manufacturer of Three Kings® charcoal and owner of U.S. Trademark Registration No. 1,984,318 for THREE KINGS.  Plaintiff Three Kings Products, LLC ("Three Kings") is a fifty-percent owner of Schonefeld and the exclusive distributor of Three Kings® charcoal in the United States.  Plaintiffs brought this action against defendants Arfan Jamil, Muhammad Nadeem, and Sanovia Nadeem because of their willful trademark infringement and sale of counterfeit goods.  The Defendants' conduct violates Section 32 of the Lanham Act (15 U.S.C. § 1114), Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)), and the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S.A. § 42-110b.

### III.  FACTUAL BACKGROUND

On April 25, 2012 Plaintiffs filed a Rule 26(f) report with the Court (Dkt. 21) outlining Plaintiffs' counsels' efforts to conduct a 26(f) conference with the *pro se* Defendants, which were only partially completed.  Nevertheless, a draft 26(f) report was exchanged between the parties, and Plaintiffs proposed, and Defendants did not object, to a discovery schedule which set a deadline for completing fact discovery by June 15, 2012.[1]  At no time during discussions and correspondence regarding the 26(f) report did Defendants object to proceeding with discovery based on their pending motion to dismiss, nor, more importantly, did the defendants seek a stay from this Court.  Therefore, plaintiffs issued Plaintiffs' First Set of Document Production Requests Directed to the Defendants (Exhibit A), Plaintiffs' First Set of Requests for Admission Directed to the Defendants (Exhibit B), and deposition notices to each of the Defendants (Group Exhibit C), to complete discovery within the time period set in the 26(f) report.

Defendants have issued no discovery and, without filing for a protective order, have recently taken the position that they will not respond to Plaintiffs' discovery requests or appear for their depositions until their motion to dismiss is ruled upon.  Defendants have served objections, consisting of a single sentence, to the effect that the court has no jurisdiction over them pending the outcome of their belatedly filed motion to dismiss (Dkt. 18).  (Objections attached hereto as Exhibits D and E).[2]  Plaintiffs counsel informed Defendants that the Court does have jurisdiction for discovery purposes, and that their refusal to engage in discovery violated section (c) of the Court's Order on Pretrial Deadlines, stating:  "the filing of a motion to dismiss shall not result in the stay of discovery or extend the time for completing discovery."

---

[1] The Court has not yet approved on that 26(f) report.
[2] The objection to Plaintiffs' request for admission are unsigned. (Exhibit D).

{N0922023}  2

(Dkt. 3).  Defendants have not moved to stay discovery or requested a stay of discovery in their motion to dismiss.  Furthermore, Plaintiffs counsel noted that a substantial number of the outstanding written discovery requests are related to the issue of personal jurisdiction specifically.

The Defendants have not responded to this or other attempts to engage in a meet and confer regarding the parties' discovery dispute.  Plaintiffs' counsel repeatedly attempted to engage in such a meet and confer, to no avail.  (Exhibit F).

### III.   ARGUMENT

"A party seeking a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c) bears the burden of demonstrating good cause."  Young v. McGill, 3:09CV1186 CSH TPS, 2012 WL 1660680 (D. Conn. May 11, 2012); *see Estate of Nunez-Polanco ex rel. Shapiro v. Boch Toyota, Inc.*, CIV. 3:03CV2251(WWE), 2004 WL 2063406 (D. Conn. July 21, 2004) (Defendant granted protective order staying discovery pending outcome of motion to dismiss for lack of personal jurisdiction).

Here, Defendants have not moved for a protective order, or requested a stay of discovery.  Rather, Defendants simply refuse to answer valid discovery requests.  Although they moved to dismiss the case for lack of personal jurisdiction, they did not request a stay of discovery in that motion.  In addition, during 26(f) conferences between Plaintiffs' counsel, the Defendants, and a representative they designated, the Defendants never indicated that they had any objection to proceeding with discovery.  Instead, Plaintiffs proposed a short discovery schedule, to which Defendants made no objection.  Although Defendants failed to complete the 26(f) conference

process, the Plaintiffs filed a rule 26(f) report in accordance with the Court's order, and Defendants made no objection to that report.

Plaintiffs have made every effort to complete discovery within the rule 26(f) report schedule, but cannot do so because of Defendants' failure to engage in substantive discovery. Defendants have failed to move for a stay of discovery and failed to answer proper discovery requests. Therefore, the Requests for Admission issued by the Plaintiffs to the Defendants should be deemed admitted, the Defendants should be compelled to produce documents responsive to outstanding production requests, and to present themselves for their depositions. Plaintiffs cannot be bound by the discovery schedule in the 26(f) report since the Defendants have thwarted their attempts to conduct discovery. Defendants, on the other hand, have failed to initiate any discovery, and should not be allowed to do so at this late date.

## IV.     CONCLUSION

For the reasons stated herein, Plaintiffs' Motion to Compel should be granted, Plaintiffs' Requests for Admission should be deemed admitted by the Defendants, the Defendants should be ordered to produce documents responsive to outstanding production requests, and appear for their depositions.

Plaintiffs**,** Rene Schonefeld Industrie - en Handelsonderneming B.V. and Three Kings Products, LLC

By: /s/ Brian Y. Boyd
John R. Horvack, Jr. (ct12926)
Brian Y. Boyd (ct28849)
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, CT  06509-1950
Tel:  203-777-5501
Fax:  203-784-3199
jhorvack@carmodylaw.com
bboyd@carmodylaw.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on June 15, 2012, a copy of the foregoing Memorandum in Support of Plaintiffs' Motion to Compel was filed electronically and served by first class mail and certified mail as indicated below.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first class mail and certified mail as indicated below.  Parties may access this filing through the Court's system.:

    Arfan Jamil
    807 N Bunker Hill Ave #305
    Los Angeles, CA 90012

    Sanovia Nadeem
    807 N Bunker Hill Ave #305
    Los Angeles, CA 90012

    Muhammad Nadeem
    185 Myers Street
    Los Angeles, CA 90033

                                          /s/ Brian Y. Boyd
                                          Brian Y. Boyd