UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RENE SCHONEFELD INDUSTRIE-EN    :
HANDELSONDERNEMING BV, and      :
THREE KINGS PRODUCTS, LLC,      :
                                :
     Plaintiffs,                :
                                :
     v.                         :      CASE NO. 3:11cv1450(RNC)
                                :
ARFAN JAMIL, MUHAMMAD NADEEM    :
and SANOVIA NADEEM,             :
                                :
     Defendants.                :


RULING ON PLAINTIFFS' MOTION TO COMPEL

The plaintiffs, Rene Schonefeld Industrie-en
Handelsonderneming B.V. and Three Kings Products, LLC, bring this
action against the defendants, Arfan Jamil, Muhammad Nadeem and
Sanovia Nadeem.[1]  The plaintiffs allege infringement of their
trademark for Three Kings charcoal in violation of the Lanham Act,
15 U.S.C. §§ 1114 and 1125(a).  The defendants are proceeding pro
se.  Pending before the court is the plaintiffs' motion to compel.
(Doc. #22.)  The motion is granted as set forth below.

On March 12, 2012, the pro se defendants, who are California
residents, filed a motion to dismiss on the grounds that the court
lacks personal jurisdiction and that venue is improper. (Doc. #18.)
In the alternative, the defendants seek an order transferring the
case to the Central District of California.  That motion is
currently pending.  In the interim, the plaintiffs served the

------

[1]It appears that Arfan Jamil and Muhammad Nadeem are the same
individual.

defendants with discovery requests - specifically, a set of document production requests and a set of requests for admission. The plaintiffs also issued notices for the defendants' depositions.

In response to the plaintiffs' Requests for Admission, the defendants stated:

> Defendants object to this Request for Admission under FRCP 36 on the grounds that defendants have only made a special appearance[2] and contend that engaging in discovery could be interpreted as a general appearance subjecting the defendants to the jurisdiction of the court.

(Doc. #22, Ex. D.)

In response to the plaintiffs' Notices of Deposition, the defendants stated:

> [Defendants] object to Notice of Deposition pursuant to Rule 45 on the grounds that the court has not obtained jurisdiction over these parties, the notice of depositions is defective and the attempts to depose these parties is improper.

(Doc. #22, Ex. E.)

The defendants did not respond at all to the plaintiffs' requests for production.[3]

---

[2]"Federal Rule of Civil Procedure 12 long ago abolished the distinction between general and special appearances." Swanson v. City of Hammond, Ind., 411 Fed. App'x 913, 915 (7th Cir. 2011)(citing cases). See Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir. 1972)("The need to file a special appearance in order to object to jurisdiction or venue has vanished. A party can file a general appearance and object to personal jurisdiction or venue at any time before the answer is filed or in the answer.")

[3]The plaintiffs state that a substantial number of the outstanding written discovery requests are related to the issue of personal jurisdiction.

The defendants have neither moved for a protective order nor requested a stay.  They simply have refused to respond to the plaintiffs' discovery requests.  As a result, the plaintiffs filed the instant motion to compel.  The defendants have not filed a response of any kind to the plaintiffs' motion.

On August 9, 2012, the undersigned issued an order scheduling a telephonic hearing on the plaintiffs' motion to compel to be held on September 13, 2012.  (Doc. #26.) The hearing did not go forward because, despite ample notice, defendant Sanovia Nadeem was not on the conference call as required.  Defendants are advised that a court order is meant to be followed.  A party who flouts the court's order does so at his own peril. Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 73 (2d Cir. 1988); see also Agiwal v. Mid Island Mortgage Corp. 555 F.3d 298, 302 (2d Cir. 2009) ("'[A]ll litigants . . . have an obligation to comply with court orders,' and failure to comply may result in sanctions. . . .") The court does not countenance the defendants' conduct.  However, at this juncture, the court declines to imposes sanctions.

Motion to compel

The defendants' refusal to respond to discovery is not well-founded.  Contrary to the defendants' position - that they need not respond to discovery or otherwise participate in the litigation until the court rules on their motion to dismiss -

it is settled law that a defendant who has properly objected to a lack of personal jurisdiction in an answer

or motion to dismiss may thereafter fully participate in the action without waiving the objection. <u>Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 709 F. Supp. 1279, 1282 (S.D.N.Y. 1989)(no waiver of personal jurisdiction where defendants "promptly challenged the court's jurisdiction and their participation in case followed their assertion of that defense").

<u>See</u> <u>Donk v. Miller</u>, No. 99 CIV 3775(KMW)(FM), 2000 WL 218400, at *3 (S.D.N.Y. Feb. 24, 2000).

The plaintiffs' motion to compel is granted in part and denied in part.  The plaintiffs' request that their requests for admission be deemed admitted is denied.  Their request that the defendants be compelled to respond to the propounded discovery and appear for their depositions is granted.  Accordingly, IT IS ORDERED:

(1) Defendants shall serve the plaintiffs with responses to the discovery requests by **November 30, 2012.**

(2) The parties will confer regarding rescheduling the defendants' depositions to mutually agreeable times and the defendants shall appear at such re-noticed depositions.

The defendants are cautioned that failure to comply with the court's discovery orders may result in the imposition of sanctions. <u>See</u> Fed. R. Civ. P. 37(b).

SO ORDERED at Hartford, Connecticut this 12th day of October, 2012.

```
_____/s/_____
Donna F. Martinez
United States Magistrate Judge
```